# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JAMIE ROCK, Plenary Guardian
of the Estate of LUCAS ROCK,
an individual with a developmental disability,

    Plaintiff,

vs.

OGEMAW COUNTY, a municipal
corporation, and
DEPUTY MATTHEW VIVIANO,
in his individual and official capacity,
jointly and severally,

    Defendants.

Case No. 22-cv-12953

Hon.

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney &Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / (248) 355-5148 - Fax
k.riddle@fiegerlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in the Complaint.

    /s/ *Kevin C. Riddle*
        Kevin C. Riddle, Esq.

NOW COMES, Plaintiff, JAMIE ROCK, Plenary Guardian of the Estate of LUCAS ROCK, an individual with a developmental disability, by and through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint and Jury Demand against the above named Defendants, hereby states as follows:

## JURISDICTION

1. This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1981, et seq., seeking monetary and punitive damages against Defendants under 42 U.S.C §1983, and costs and attorney fees under 42 U.S.C. §1988, and pre-judgment and post-judgment interest, all arising from violations of Plaintiff's Fourth Amendment rights of the United States Constitution incorporated to the states via the Fourteenth Amendment.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3. That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

4. That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws and customs, and by virtue of, and under the

authority of the color of law, and such actions were performed in the course and scope of employment of each individual Defendant.

5. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interests, costs and attorney fees.

## VENUE

6. Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the Township of Alger, County of Ogemaw, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Northern Division.

## PARTIES

7. At all times relevant to this lawsuit, LUCAS ROCK, an individual with a developmental disability, was a resident of the Township of Alger, County of Ogemaw, State of Michigan, and was entitled to all the rights, privileges, and immunities accorded to all U.S. citizens and residents of the Township of Alger, the County of Ogemaw, the State of Michigan and the United States of America.

8. At all times relevant to this lawsuit, Plaintiff JAMIE ROCK, is the plenary guardian over the estate and person of her adult son, LUCAS ROCK.

LUCAS ROCK is totally without capacity to care for his person or estate due to his severe autism.

9. At all times relevant hereto, DEPUTY MATTHEW VIVIANO, was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a sheriff's deputy for the County of Ogemaw. He is a resident of the State of Michigan.

10. At all times relevant hereto, Defendant, OGEMAW COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

**FACTUAL STATEMENT**

11. On September 8, 2021, at around 7:40 AM, Defendant DEPUTY VIVIANO responded to a call at Premier Care Assisted Living, an adult assisted living facility in Alger, MI. It was reported that a resident, LUCAS ROCK, an individual with a developmental disability, had been assaultive towards staff. The 911 call indicated that LUCAS ROCK was autistic and out of control.

12. On that date and time, LUCAS ROCK was yelling but not physically confrontational. Defendant VIVIANO began giving him verbal orders. When LUCAS ROCK did not comply with Defendant VIVIANO'S orders, Defendant VIVIANO placed his hands on LUCAS ROCK's shoulders

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

and pushed him into a sitting position on a couch. After a few minutes, LUCAS ROCK stood up from the couch at which time, Defendant VIVIANO used his hands to push LUCAS ROCK back onto the couch. LUCAS ROCK stood back up, at which time, Defendant VIVIANO struck LUCAS ROCK's head with his hand using a "hammer strike/punch."

13. Defendant VIVIANO then used physical controls to take LUCAS ROCK down to the ground.

14. At all times relevant, Defendant VIVIANO had back up from another Ogemaw County Sheriff's Deputy, as well as three (3) Michigan State Troopers who were also on scene and who witnessed the excessive force.

15. LUCAS ROCK suffered emotional distress and injuries as a result. LUCAS ROCK was not actively resisting.

16. LUCAS ROCK did not threaten officers and was not in possession of a weapon.

17. There was no reasonable belief that the officers were in imminent danger of death or great bodily harm or injury at the time of use of force.

18. The use of force was objectively unreasonable under the circumstances, clearly excessive and constituted an objectively unreasonable seizure.

19. At all times relevant hereto, Plaintiff, LUCAS ROCK, an individual with a developmental disability, sustained numerous injuries which were directly and proximately caused by Defendants' tortious conduct.

20. At all times relevant hereto, the conduct of the above-named Defendants proximately caused LUCAS ROCK, an individual with a developmental disability, Fourth and Fourteenth Amendment rights to be violated when Defendant DEPUTY VIVIANO, who was acting under the color of state law as a sheriff's deputy, employed by the County of Ogema's Sheriff's Department, improperly and unlawfully exercised excessive force against LUCAS ROCK.

### COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE AGAINST DEPUTY MATTHEW VIVIANO

21. Plaintiff hereby reincorporates each and every allegation contained in the above paragraphs as if fully set forth herein.

22. Pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from excessive force and objectively unreasonable seizures while under the custody and control of Defendants.

23. The acts and/or omissions of Defendant DEPUTY VIVIANO amounted to a seizure and excessive force within the meaning of the Fourth and

Fourteenth Amendments, when the Defendants terminated LUCAS ROCK'S freedom of movement through means intentionally applied.

24. At all times relevant hereto, Plaintiff, LUCAS ROCK, was a resident of an adult assisted living facility, was known by defendants to have a developmental disability, was unarmed, and did not pose a threat of safety to Defendants or others.

25. Under all the circumstances known to Defendants, the physical force used against LUCAS ROCK was objectively unreasonable and clearly excessive.

26. Under the circumstances known to Defendants, there was no need to use force and certainly no need to use the force defendant did by pushing him down multiple times and striking him in the head with a fist.

27. There were no attempts to limit or temper the amount of force used on the developmentally disabled LUCAS ROCK.

28. There was no security problem confronted by the officer that justified the use of force.

29. There was no threat of harm that could reasonably be perceived by defendants as LUCAS ROCK merely refused an order to sit down with a bevy of officers present.

30. Defendant violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force and unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31. The acts and/or omissions of Defendant, as outlined above, amounted to an excessive force within the meaning of the Fourth and Fourteenth Amendments.

32. The conduct of the Defendant was, and remains extreme and outrageous, subjecting him to punitive damages.

33. The misconduct of Defendant VIVIANO directly and proximately caused LUCAS ROCK, an individual with a developmental disability, to suffer numerous injuries including, but not limited to:

   a. Facial contusions, abrasions, bruising, and other injury;

   b. Post traumatic stress disorder;

   c. Pain and suffering;

   d. Anxiety;

   e. Mental anguish;

   f. Emotional distress;

   g. Fright and shock;

   h. Humiliation and/or mortification;

    i. Economic loss;

    j. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

    k. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

    n. Attorney fees and costs, pursuant to 42 US.C. 1988; and,

    o. Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against all Defendant, jointly and severally, and in an amount greatly in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT II
## 42 U.S.C. § 1983 – MONELL LIABILITY AS TO OGEMAW COUNTY

34. Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

35. At all times relevant hereto, Defendant failed to train, discipline, monitor and supervise officers regarding the reasonable use of force and reasonable seizures in handling of a suspect who is developmentally disabled, unarmed, poses no danger and/or encouraged the officers to violate federal and state laws without regard to the constitutional rights of citizens to be free from

{01368057.DOCX}      9

violations of the Fourth and Fourteenth Amendments to the United States Constitution.

36. The training provided to DEPUTY VIVIANO and other officers on the use of force with a developmentally disabled, unarmed person was inadequate for the tasks performed.

37. The inadequacy of training on the use of force with developmentally disabled, unarmed persons was the result of OGEMAW COUNTY'S deliberate indifference.

38. As a result of the inadequacy of the training provided to DEPUTY VIVIANO and other officers, LUCAS ROCK was physically assaulted causing the injuries alleged.

39. The risk of injury to an unarmed developmentally disabled person who is struck in the head with a fist is so obvious and foreseeable that failure to provide adequate training regarding use of force on such individuals amounts to deliberate indifference.

40. At all times relevant hereto, Defendants refused to provide the officers any training, discipline, policies, procedures and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; refused to provide the officers with supervision and discipline to protect the

{01368057.DOCX}  10

constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of a detainee to be free of excessive force who is developmentally disabled and poses no danger.

41. At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

42. At all relevant times there was custom and practice of the use of force one level above the appropriate response in handling a developmentally disabled person who is unarmed and poses no danger or threat to others.

43. At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. As a result of the lack of training, defendant was inadequately prepared to handle a developmentally disabled person who is unarmed and poses no danger or threat to others.

44. At all times relevant hereto, there was a complete failure to train, monitor, supervise and discipline the officers. The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth

{01368057.DOCX}  11

Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

45. At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of detainee's constitutional rights.

46. At all times relevant hereto, Defendants response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and unreasonable seizures of citizens, and knew, or should have known, that such treatment would deprive detainees of their constitutional rights.

48. At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the

Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

49. At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

50. Defendants tolerated the deputy's repeated violations of the Fourth and Fourteenth Amendments to the United States Constitution, which allowed the deputy to continue to engage in this unlawful behavior.

51. Defendants refused to discipline deputies who violated citizens' constitutional rights to be free from violations of the Fourth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior. In doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth and Fourteenth Amendments to the United States Constitution as a matter of policy.

52. That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of his clearly-established rights, privileges, and immunities guaranteed him under

{01368057.DOCX}    13

the United States Constitution, specifically those set forth under the Fourth and Fourteenth Amendments to same, as evidenced by the following particulars:

    a.    Permitting Plaintiff and other detainees to be subject to excessive force and unreasonable seizure in violation of the Fourth and Fourteenth Amendments;

    b.    Failing to properly train and supervise the individuals within the aforementioned department;

    c.    Tolerating the conduct of individuals within the aforementioned department when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth and Fourteenth Amendment protection against excessive force and unreasonable seizures;

    d.    Failing to discipline the individuals within the aforementioned department when it was apparent that they were using excessive force and performing unreasonable seizures

53.    The misconduct of Defendants, directly and proximately caused LUCAS ROCK, a developmentally disabled person who was unarmed and posed no danger or threat to others to suffer numerous injuries including, but not limited to:

    a. Facial contusions, abrasions, bruising, and other injury;

    b. Post traumatic stress disorder;

    c. Pain and suffering;

    d. Anxiety;

    e. Mental anguish;

    f.  Emotional distress;

    g.  Fright and shock;

    h.  Humiliation and/or mortification;

    k.  Economic loss;

    l.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

    m.  Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

    n.  Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

    o.  Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, jointly and severally, and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as punitive and exemplary damages.

## COUNT III
## STATE LAW CLAIMS OF ASSAULT AND BATTERY

54. Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

55. That Defendants had knowledge of each and every factual allegation set forth above.

{01368057.DOCX}      15

56. That in taking custody of LUCAS ROCK, Defendant VIVIANO undertook and owed a duty to Plaintiff to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution, and in such operation as the rules of the common law require and in accordance with the customs, policies and procedures.

57. That Defendants breached each and every duty owed to Plaintiff.

58. That notwithstanding the aforementioned duties, the aforementioned Defendant pushed LUCAS ROCK and struck him with a fist without threat of imminent bodily harm to himself. In doing so he assaulted LUCAS ROCK.

59. Defendant had no good faith basis to push and strike LUCAS ROCK with a fist.

60. That the above-described actions amount to assault and battery.

61. That Defendant VIVIANO is not entitled to governmental immunity based upon his actions.

62. That the above-described conduct of the Defendant VIVIANO, as specifically set forth above, was the proximate cause of LUCAS ROCK'S injuries and damages to him, including, but not limited to, the following:

    a. Facial contusions, abrasions, bruising, and other injury;

    b. Post traumatic stress disorder;

  c. Pain and suffering;

  d. Anxiety;

  e. Mental anguish;

  f. Emotional distress;

  g. Fright and shock;

  h. Humiliation and/or mortification;

  k. Economic loss;

  l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

  m. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

  n. Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

  o. Any other damages allowed by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus costs, interest and attorney fees.

            /s/ *Kevin C. Riddle*
            Fieger, Fieger, Kenney & Harrington, P.C.
            19390 West Ten Mile Road
            Southfield, MI 48075-2463
            (248) 355-5555
            k.riddle@fiegerlaw.com
Dated:  December 6, 2022   P57435

{01368057.DOCX}          17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMIE ROCK, Plenary Guardian
of the Estate of LUCAS ROCK,
an individual with a developmental disability,

    Plaintiff,

vs.

OGEMAW COUNTY, a municipal
corporation, and
DEPUTY MATTHEW VIVIANO,
in his individual and official capacity,
jointly and severally,

    Defendants.

Case No. 22-cv-12953

Hon.

---

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney &Harrington, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / (248) 355-5148 - Fax
k.riddle@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JAMIE ROCK, Plenary Guardian of the Estate of LUCAS ROCK, an individual with a developmental disability, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and hereby demands a trial by jury in the above-captioned matter.

                              */s/ Kevin C. Riddle*
                              Fieger, Fieger, Kenney & Harrington, P.C.

Fieger, Fieger, Kenney & Harrington, p.c. • A Professional Corporation
19390 West Ten Mile Road • Southfield Michigan 48075 • Telephone (248) 355-5555 • Fax (248) 355-5148

                                  19390 West Ten Mile Road
                                  Southfield, MI 48075-2463
                                  (248) 355-5555
                                  k.riddle@fiegerlaw.com
Dated: December 6, 2022    P57435

{01368057.DOCX}                            19

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
JAMIE ROCK, Plenary Guardian of the Estate of LUCAS ROCK, an individual with a developmental disability,

### DEFENDANTS
OGEMAW COUNTY and DEPUTY MATTHEW VIVIANO

**(b)** County of Residence of First Listed Plaintiff: Ogemaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Ogemaw
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin C. Riddle (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
19390 West Ten Mile Rd., Southfield, MI 48076-2463

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981, 42 U.S.C §1983, and 42 U.S.C. §1988
Brief description of cause:
violation of civil rights

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 6, 2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____